[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11455
Non-Argument Calendar

_____

| FILED |
| U.S. COURT OF APPEALS |
| ELEVENTH CIRCUIT |
| JULY 3, 2012 |
| JOHN LEY |
| CLERK |

D.C. Docket No. 6:10-cv-00626-CLS

ALTON W. HAMBY,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 3, 2012)

Before TJOFLAT, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

Alton Hamby appeals the district court's order affirming the Commissioner of the Social Security Administration's (the "Commissioner") denial of disability, disability insurance benefits, and supplemental security income. First, Hamby argues on appeal that the administrative law judge ("ALJ") erred by finding that his vision problems–in particular, his esotropia and amblyopia–were not severe. Second, he asserts that the ALJ failed to consider his vision impairments in combination with his other impairments. Third, Hamby argues that the ALJ erred in failing to question the vocational expert about his vision impairments. Fourth, Hamby contends that the ALJ failed to develop the record by ordering a consultative exam of his vision problems. Finally, Hamby argues that the ALJ's decision that he did not suffer from disabling pain was not supported by substantial evidence.

We review a Commissioner's decision to determine whether it is supported by substantial evidence and whether the proper legal standards were applied. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. "Even if the evidence preponderates against the Commissioner's findings, we must affirm

if the decision reached is supported by substantial evidence." Id. at 1158-59. We review the decision of the ALJ as the Commissioner's final decision when the ALJ denies benefits and the Appeals Council denies review of the ALJ's decision. Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001).

The Social Security Regulations outline a five-step process used to determine whether a claimant is disabled. In evaluating a claim for disability benefits, an ALJ must evaluate the claimant's case with respect to the following five criteria, as set forth in 20 C.F.R. § 404.1520: (1) is the individual performing substantial gainful activity; (2) does he have a severe impairment; (3) does he have a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can he perform his past relevant work; and (5) based on his age, education, and work experience, can he perform other work of the sort found in the national economy. Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).

## I.

An impairment is "severe" if it "significantly limits claimant's physical or mental ability to do basic work activities." Crayton v. Callahan, 120 F.3d 1217, 1219 (11th Cir. 1997). "Basic work activities" include: (1) physical functions such as walking, standing, sitting, lifting, pulling, reaching, carrying or handling;

(2) capacities for seeing, hearing and speaking; (3) understanding, carrying out and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. § 404.1521(b).

We agree with the district court that there is no reversible error here. The medical records show that Hamby had good overall eye health, could see 20/15 with both eyes with corrective lenses, and had good peripheral and color vision. He was advised that he needed to wear glasses for near work only "as needed." He could still drive during daylight hours and was able to watch television. There was no analysis in the medical records explaining how Hamby's esotropia and amblyopia affected his ability to work. Substantial evidence supports the ALJ's conclusion that occasional blurred vision or crossed eyes would not pose a significant limitation to Hamby's ability to do basic work activities.

## II.

Where a claimant has alleged several impairments, the Commissioner has a duty to consider the impairments in combination and to determine whether the combined impairments render the claimant disabled. Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002). This requirement is met if the ALJ states that the claimant "did not have an impairment <u>or combination of impairments</u>" that would

amount to a disability. Id. at 1224-25 (emphasis in original).

In this case, the ALJ specifically listed Hamby's alleged impairments–including his vision impairments–and concluded that Hamby "does not have an impairment or combination of impairments that could reasonably" result in limitations amounting to a qualifying disability. Therefore, we find no merit in Hamby's argument that the ALJ failed to consider the combination of Hamby's impairments.

## III.

In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question that comprises all of the claimant's impairments. Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011). However, the ALJ is not required to include impairments in the hypothetical that the ALJ has properly found to be unsupported. Crawford, 363 F.3d at 1161.

Here, the ALJ properly found that Hamby's testimony regarding his subjective symptoms was unsupported, such that the ALJ was not required to include those impairments in the hypothetical to the vocational expert. Therefore, we affirm on this issue.

## IV.

5

"It is well-established that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) (citations omitted); see 20 C.F.R. § 404.1512(a) (stating that the claimant "must furnish medical and other evidence that [the ALJ] can use to reach conclusions about [the claimant's] medical impairment(s)"). "The administrative law judge has a duty to develop the record where appropriate but is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision." Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1269 (11th Cir. 2007).

Here, there was sufficient evidence for the ALJ to make an informed decision. The record contained several eye exams, including a very recent one. The ALJ also questioned Hamby about his vision impairments. We find no error on this issue.

V.

A three-part "pain standard" applies when a claimant attempts to establish disability through his own testimony of pain or other subjective symptoms. Wilson, 284 F.3d at 1225. The pain standard requires evidence of an underlying

medical condition and either (1) objective medical evidence that confirms the severity of the alleged pain or (2) an objective determination that the medical condition could reasonably be expected to give rise to the alleged pain.  Id.

If the ALJ decides not to credit the claimant's testimony, the ALJ must articulate explicit and adequate reasons for doing so.  Id.  Here, the ALJ's decision discussed at-length how the objective medical evidence was inconsistent with Hamby's reports of pain.  Sufficient evidence supports this conclusion.

AFFIRMED.